NOT FOR PUBLICATION                                                                              CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                                       :
MICHAL JENICEK,                                        :
on behalf of J.J.,                                     :
                                                       :
                           Plaintiff,                  :      Civil Action No. 14-4422 (SRC)
                                                       :
              v.                                       :
                                                       :
SORENSON RANCH SCHOOL, UTAH,                           :      **OPINION**
                                                       :
                           Defendant.                  :
_____

      This matter was commenced upon the Clerk's receipt of a pleading ("Pleading") executed by Michael Jenicek ("Plaintiff") and docketed as a 42 U.S.C. § 1983 civil complaint. See ECF No. 1. The Pleading arrived accompanied by Plaintiff's duly executed in forma pauperis ("IFP") form. See ECF No. 2. This Court will grant Plaintiff IFP status and direct the Clerk to file the Pleading. It is not clear from the face of the Pleading whether Plaintiff intended to bring a civil rights action or a habeas petition; however, regardless of how the Pleading is construed, the Pleading must be dismissed for lack of jurisdiction.

## BACKGROUND

      According to the Pleading, Plaintiff is a non-custodial parent and the biological father of J.J., a minor. See ECF No. 1, at 1. The Pleading alleges that Plaintiff's former spouse was appointed J.J.'s sole custodian by an order of the Superior Court of New Jersey, Law Division, Family Part. See id. The Pleading alleges that Plaintiff has been denied interaction with J.J., who is enrolled in a drug rehabilitation program and, in conjunction with that treatment, is being unconstitutionally confined at Sorenson Ranch School ("Sorenson") in Utah pursuant to court

order.  See generally, ECF No. 1.  Plaintiff challenges the state court order vesting his former spouse with exclusive custody over J.J., seeks J.J.'s release from Sorenson, and raises claims resembling state-law loss of consortium challenges.  See id.  Plaintiff refers to himself throughout the Pleading as a "next friend."  Id., passim.

Plaintiff attaches to the Pleading a May 30, 2014 opinion and order from the New Jersey court which "continue[s]" J.J.'s placement.  Id. at 9, 10-22.  In the Pleading, Plaintiff refers to the May 30th order as "unconstitutionally committ[ing]" J.J. to Sorenson. Id. at 1, ¶2.  Upon close inspection of the opinion and order, however, it becomes clear that J.J. was placed in Sorenson by his mother—not by the court's order.

The opinion refers to J.J.'s placement as a "therapeutic educational environment," and reasoned that J.J.'s mother "has sole legal custody of the parties' child [which] entails 'the legal authority and responsibility for making 'major' decisions regarding the child's welfare'."  See ECF No. 1 at 7 (citing Beck v. Beck, 86 N.J. 480, 487 (1981)).  The court went on to state that "it is within plaintiff's discretion whether [J.J.] should attend a therapeutic boarding school."  Id. Noting that, as a non-custodial parent, Plaintiff had the right to object to J.J.'s placement, the court rejected his challenge:

> [Plaintiff] has not . . . provided the court with any substantiation for his implied contention that a therapeutic educational environment is not in [J.J.'s] best interest.  [J.J.] conceded during treatment that, while at home, he regularly smoked and sold cannabis and recently began experiencing with hallucinogenic drugs.  He was clearly at risk, and more than one of the reports from recent drug evaluations indicate that Jaime would have been put at risk again by a return to his previous residential environment
> ….

Id.

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction, and this Court is obligated to test its subject matter jurisdiction sua sponte.  See Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008); Bracken v. Matgouranis, 296 F.3d 160, 162 (3d Cir. 2002); see also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (stating that the party seeking to invoke the Court's jurisdiction bears the burden of proving that subject matter jurisdiction exists).  In considering its jurisdiction, a court may consider pleading allegations along with any documents attached thereto.  See Gould Elecs., Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000) (discussing standard in context of Federal Rule of Civil Procedure 12(b)(1)).

**ANALYSIS**

The Pleading here is deficient on many grounds, but the Court's review will focus on its jurisdictional defects.  To the extent Plaintiff intends to bring a civil rights claim attacking the order vesting his former spouse with exclusive custody over J.J., such a challenge is not cognizable in a federal forum.  Since Plaintiff's divorce and ancillary matrimonial and family-law claims fall within the domestic relations exception to federal jurisdiction, any civil rights challenges to the custody decree must be dismissed for lack of subject matter jurisdiction.  See Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992); see also Marshall v. Marshall, 547 U.S. 293, 308 (2006) (interpreting Ankenbradt as applicable to state child custody decrees); Mayercheck v. Judges of Penn. Sup. Ct., 395 F. App'x 839, 842 (3d Cir. 2010).  Furthermore, to the extent Plaintiff intended to bring state-law loss of consortium claims, the Court will not exercise supplemental jurisdiction over any such claims where there is no basis for federal jurisdiction.  See 28 U.S.C. § 1367(c); Smith v. Albert Einstein Med. Ctr., 378 F. App'x 154, 157 (3d Cir. 2010).

Alternatively, Plaintiff may have intended to seek J.J.'s release from civil confinement by raising a § 2254 habeas claim on his behalf. But even if the Court construed the Pleading as a habeas petition, the Pleading would nonetheless be dismissed for lack of subject matter jurisdiction.

Generally, "[a] parent has standing to bring a habeas corpus action on behalf of her minor children." Lehman v. Lycoming Cnty. Children's Servs. Agency, 648 F.2d 135, 138 n.3 (3d Cir. 1981) (plurality opinion) aff'd, 458 U.S. 502, 102 S. Ct. 3231, 73 L. Ed. 2d 928 (1982). (According to the Pleading, J.J. turned 16 years of age on October 31, 2013, which means he is currently 17 years old and still a minor. See ECF No. 1, at 3.) While parents generally have standing, the standing question in this case is complicated by Plaintiff's non-custodial parental status. There is no Third Circuit decision that expressly addresses standing in this context.

Courts outside this circuit have held, in an analogous situation, that a parent whose rights have been terminated may bring a habeas petition as a "next friend" of their child pursuant to the jurisdictional doctrine of that same name created by the Supreme Court in Whitmore v. Arkansas, 495 U.S. 149, 163–64, 110 S.Ct. 1717, 1727–28, 109 L.Ed.2d 135 (1990). See, e.g., Amerson v. State of Iowa, Dept. of Hum. Svcs. by Palmer, 59 F.3d 92, 93 n.3 (8th Cir. 1995) (citing Whitmore and 28 U.S.C. § 2242); Cartner v. Davis, 988 F.Supp.2d 33, 36 (D.D.C. 2013) ("A close relative, 'such as a parent, spouse, or sibling, who maintain[s] a close personal relationship with the aggrieved' could qualify as a next friend.") (quoting Davis v. Austin, 492 F.Supp. 273, 275 (N.D.Ga. 1980)). To establish next friend status, the next friend must show "why [the] real party in interest cannot prosecute [the] habeas petition, that [the] next friend is truly dedicated to best interests of person on whose behalf she litigates, and that she has some significant relationship with [the] real party in interest." Amerson, 59 F.3d at 93 n.3 (discussing

4

Whitmore) (internal quotation marks omitted).  Thus, while the Third Circuit has not ruled on whether non-custodial parents may bring actions on behalf of their children, based on this line of analogous cases, the Court will conclude for the sake of argument that Plaintiff could attempt to proceed as a next friend.

Even assuming that Plaintiff could attempt to proceed as a next friend, this Court would lack jurisdiction to hear the claim.  As aptly explained by the Eighth Circuit in Amerson:

> Jurisdiction over a habeas petition brought by a next friend exists only if the litigation actually involves the concerns of the real party in interest and not simply the grievances of the next friend.  Particularly when a habeas petition is brought by a parent seeking the release of a child . . . , the action may really involve an assertion of the parent's rights, not the liberty interests of the child.

59 F.3d at 93 (emphasis added).  See also Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 512 (1982) ("Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights."); Pacheco v. Harris, No. EDCV 12–00335–SJO (MLG), 2012 WL 1048466, at *2 n.3 (C.D. Cal. Mar. 8, 2012).  Here, Plaintiff's allegations center on challenges to J.J.'s mothers exclusive custody over J.J. and his own inability to spend time with his son.  These sorts of claims relate to Plaintiff's concerns—not J.J.'s.  Indeed, these are not the type of concerns typically prosecuted in a habeas proceeding.  See Lehman, 458 U.S. at 512 ("[F]ederal habeas has never been available to challenge parental rights or child custody.")

Moreover, even if the Pleading was construed as a habeas petition asserting J.J.'s—as opposed to Plaintiff's—rights, J.J. is not "in custody" as that term is defined by habeas jurisprudence.  Federal courts have jurisdiction over a petition only where the petitioner "is 'in custody' in violation of the laws, treaties, or Constitution of the United States." Barry v. Bergen Cnty Prob. Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Incarceration pursuant to a state criminal

conviction may be by far the most common and most familiar basis for satisfaction of the 'in custody' requirement in § 2254 cases." Duncan v. Walker, 533 U.S. 167, 176 (2001).  But other state court judgments, such as civil commitments, may satisfy the "in custody" requirement as well.  Id. at 176 (collecting cases).  In short, the "in custody" requirement "applies where individuals are subject both to 'significant restraints on liberty ... which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'"  Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) (quoting Barry, 128 F.3d at 160).

In this case, as explained above, J.J. was not placed at Sorenson as a result of a court order.  Rather, he was placed there by his mother, who has sole legal custody over him.  The May 30th state court order that Plaintiff challenges merely reaffirmed the mother's right to make therapeutic placement decisions about J.J., and the order did not create any type of continuing governmental supervision.  Accordingly, were this Court to construe the Pleading as a habeas petition, the Court would lack subject matter jurisdiction over the petition because J.J. is not "in custody."  For this reason, the Court does not perceive any benefit in construing the Pleading in that fashion.

Although the Court has elected not to construe the Pleading as a habeas petition, the Court's ruling does not bar Plaintiff from filing a timely § 2254 matter in a separate action.  See Muhammad v. Close, 540 U.S. 749, 750 (2004); Preiser v. Rodriguez, 411 U.S. 475, 476 (1973); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

An appropriate Order follows.

    s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: 12/16/2014